## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| WILLIAM CARDNER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Case No. 4:05-CV-96 |
| HOME DEPOT U.S.A., INC. d/b/a § | |
| THE HOME DEPOT and HOME § | |
| DEPOT LEWISVILLE, § | |
| § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending before the court is Defendant Home Depot U.S.A., Inc.'s motion for summary judgment (docket entry #5). Having considered the Defendant's motion, the Plaintiff's response (docket entry #21) and the Defendant's reply thereto (docket entry #23), the court is of the opinion that the motion should be denied.

### BACKGROUND

The facts of the case are undisputed. On May 8, 2002, the Plaintiff purchased cinder blocks at the Home Depot in Lewisville, Texas. Pl. Orig. Pet., p. 1. § III. The Plaintiff had frequented the Lewisville Home Depot in the past and was familiar with Home Depot's products and the manner in which Home Depot merchandised its products. Pl. Dep. 6:12-15; 7:6-10. The Plaintiff was aware that Home Depot was designed as a "do-it-yourself" warehouse. Pl. Dep. 7:13-18.

The Plaintiff had previously purchased cinder blocks from the Lewisville Home Depot. Pl. Dep. 7:24-25 to 8:1-2. On those occasions, the Plaintiff loaded the cinder blocks into his vehicle (Pl. Dep. 8:16-25) because they were readily available and easily accessible (Pl. Dep. 9:17-22). At times,

however, the Plaintiff sought assistance in transporting the cinder blocks from the display to his vehicle but such assistance could not be located.  Pl. Dep. 14:4-12, 23-25 to 15:1.

On the date of the incident, the Plaintiff paid the cashier for the cinder blocks, exited the store and drove his pickup truck into the contractor's loading area.  Pl. Dep. 24:14-18.  After approximately five minutes, the Plaintiff observed two employees; however, the employees entered the store before the Plaintiff could approach them.  Pl. Dep. 26:21-25 to 28:1-9.

Approximately five more minutes passed before the Plaintiff observed another employee.  Pl. Dep. 29:14-17.  The Plaintiff approached the employee and stated, "Here's my receipt.  I need to get some cinder blocks and some landscape timbers and I've been waiting and can you help me."  Pl. Dep. 30:17-23.  The employee responded that he was busy and that the Plaintiff was welcome to help himself.  Pl. Dep. 30:23-25 to 31:1-3.  The employee then signed the Plaintiff's receipt for landscape timbers and six cinder blocks.  Pl. Dep. 31:5-9.

The Plaintiff subsequently backed his pickup truck to the cinder block display.  Pl. Dep. 33:12-16.  The Plaintiff then lowered the truck's tailgate and climbed onto the tailgate in order to load the cinder blocks into the truck.  Pl. Dep. 34:22-25 to 35:1.  At that time, the Plaintiff discovered the cinder blocks were banded together.  Pl. Dep. 35:5-13.  The cinder blocks were stacked to a height of eight to ten feet.  Pl. Dep. 35:20-25.  The band was positioned vertically around the cinder blocks.  Pl. Dep. 36:7-10.

After inspection (Pl. Dep. 36:11-14), the Plaintiff determined that the banding was relatively taut.  The Plaintiff, however, was able to place his fingers under the banding and pull the banding out one to two inches.  Pl. Dep. 22:20-25.  The Plaintiff initially attempted to slide the banding off of the cinder blocks, but to no avail.  Pl. Dep. 37:1-5.  The Plaintiff ultimately concluded that he would have

to cut the banding. Pl. Dep. 37:6-11. The Plaintiff subsequently retrieved a pocket knife (Pl. Dep. 37:16-23) that had a three to four inch blade (Pl. Dep. 15:18-22). While holding the knife with his right hand, the Plaintiff placed two fingers of his left hand underneath the banding in order to create tension on the band. Pl. Dep. 38:3-15. The Plaintiff, using a left-to-right motion, cut the banding. Pl. Dep. 38:20-25. In so doing, the Plaintiff cut his arm, severing tendons. Pl. Orig. Pet., p. 2, § III.

The Plaintiff originally sued the Defendant in the 158th Judicial District Court of Denton County, Texas on May 7, 2004. On March 10, 2005, the Defendant removed the Plaintiff's lawsuit to this court based on diversity jurisdiction. On May 13, 2005, the Defendant filed its motion for summary judgment. The Defendant seeks judgment against the Plaintiff on the following grounds:

1. The Plaintiff created his own peril by using his own knife to cut the banding on the cinder blocks thereby negating the element of proximate cause; and

2. The banding on the cinder blocks did not create an unreasonable risk of harm.

The court notes that the Defendant characterized the second ground of its motion as a "no evidence" motion for summary judgment. A no evidence motion for summary judgment is only available in the Texas state courts. *See* TEX. R. CIV. P. 166a(i). Accordingly, the court will apply the appropriate federal standard to the Defendant's motion for summary judgment.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if

the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981)(citations omitted). The substantive law identifies which facts are material. *See id.* at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 323, 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant must adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

## DISCUSSION AND ANALYSIS

In order to maintain a premises liability cause of action, the Plaintiff must prove that (1) the Defendant was an owner or occupier of the premises, (2) a condition on the premises posed an unreasonable risk of harm, (3) the Defendant knew or reasonably should have known of the danger, (4) the Defendant failed to exercise reasonable care to reduce or eliminate the risk of harm and (5) the Defendant's breach proximately caused the Plaintiff's injuries. *Plainview Motels, Inc. v. Reynolds*, 127 S.W.3d 21, 29 (Tex. App. – Tyler 2003, pet. denied), citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d

97, 99 (Tex. 2000). The Defendant does not contest that it was the owner or occupier of the premises in question. *See id*.

### 1. A CONDITION ON THE PREMISES POSED AN UNREASONABLE RISK OF HARM

"A condition poses an unreasonable risk of harm for premises defect purposes when there is a 'sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen.'" *Id*., quoting *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002). "Foreseeability does not require that the exact sequence of events that produced an injury be foreseeable." *Id*. (citation omitted). "Instead, only the general danger must be foreseeable." *Id*., citing *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996).

The Defendant argues that the Plaintiff failed to adduce any evidence that the banding on the cinder blocks posed an unreasonable risk of harm. The court disagrees. The nature of the Defendant's business is to allow customers to view merchandise in its warehouse, make a selection and then self-load the item into the customer's vehicle. *See id*. at 30; Crosier Dep. 35:8-25 to 36:1-23. Considering that a customer could reasonably be expected to cut the banding on the cinder block display in order to retrieve the desired number of cinder blocks for self-loading, a fact issue exists regarding the potential for injury to a customer who undertakes cutting the banding. *See Reynolds*, 127 S.W.3d at 30. Accordingly, the court concludes that a genuine issue of material fact exists with respect to whether the banded cinder block display posed an unreasonable risk of harm.

### 2. THE DEFENDANT KNEW OR REASONABLY SHOULD HAVE KNOWN OF THE DANGER

"To prove an action for premises liability, the invitee must establish that a land owner either 'knew, or after reasonable inspection should have known, of an unreasonably dangerous condition.'" *Reynolds*, 127 S.W.3d at 30, quoting *Motel 6 G.P. v. Lopez*, 929 S.W.2d 1, 3-4 (Tex. 1996). "A

possessor's knowledge can be actual or constructive." *Id.* (citation omitted). "Actual knowledge is what a person actually knows." *Id.* (citation omitted). "On the other hand, proof of constructive knowledge requires only that the condition existed long enough for the possessor to have discovered it upon reasonable inspection." *Id.* at 30-31 (citation omitted).

The Defendant does not particularly address this element except to argue that the Plaintiff failed to adduce any evidence that any similar incidents had occurred at the store. "Whether the risk has ever materialized prior to the incident in question is unrelated to the question of whether [the Defendant] had actual or constructive knowledge of the unreasonable risk of harm posed by the condition." *Id.* at 31 (citation omitted). The nature of the Defendant's business combined with the absence of available safety features creates a genuine issue of a material fact as to whether the Defendant knew or reasonably should have known of the unreasonably dangerous condition.

### 3. THE DEFENDANT FAILED TO EXERCISE REASONABLE CARE TO REDUCE OR ELIMINATE THE RISK OF HARM

"When a possessor of land has actual or constructive knowledge of any condition on the premises that poses an unreasonable risk of harm to invitees, [it] has a duty to take whatever action is reasonably prudent under the circumstances to reduce or to eliminate the unreasonable risk from that condition." *Id.* (citation omitted). The Defendant does not address this issue. However, the summary judgment evidence before the court reveals that the Defendant does not have a policy or practice prohibiting customers from cutting the banding. Crosier Dep. 42:12-15. The Defendant's district safety manager, Scott Crosier, acknowledged, though, that if he discovered a customer attempting to cut the banding, he would request that the customer cease such action so that he could cut the banding instead. Crosier Dep. 41:22-25 to 42:1-2. Mr. Crosier testified that he would take such action because he would

probably have the proper equipment to do the cutting. Crosier Dep. 42:3-5. Mr. Crosier further testified that customers, generally, do not fully appreciate the risks associated with the cutting of the band. Crosier Dep. 51:5-19. Accordingly, the court concludes that a genuine issue of material fact exists regarding whether the Defendant failed to exercise reasonable care to reduce or eliminate the risk of harm.

### 4. THE DEFENDANT'S BREACH PROXIMATELY CAUSED THE PLAINTIFF'S INJURIES

"To prove an action for premises defect, the invitee must establish that the defendant's lack of care proximately caused his injuries." *Reynolds*, 127 S.W.3d at 32 (citations omitted). "The components of proximate cause are (1) cause-in-fact and (2) foreseeability." *Id.*, citing *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992).

#### *A.     Cause-in-Fact*

"The test for cause-in-fact is whether the negligent act or omission was a substantial factor in bringing about the injury and without which the injury would not have occurred." *Id.* (citation omitted). Cause-in-fact cannot be established if the defendant's negligence did no more than furnish the condition which made the injury possible. *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). "Cause-in-fact is not shown when the defendant's conduct is too remotely connected with the plaintiff's injury to constitute legal causation." *Reynolds*, 127 S.W.3d at 32, citing *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex. 1995).

The Defendant argues that the undisputed evidence shows that the Plaintiff's decision to use his own knife to cut the banding was the cause-in-fact of the Plaintiff's injuries. The court disagrees. The Defendant failed to take the necessary steps to reduce or eliminate the risk of harm. *See id.* at 32. Had the Defendant required customers to seek assistance in cutting the banding off of the cinder block

display, the Plaintiff would never have been in the position of cutting the banding himself. *See id.* Accordingly, the court concludes that a genuine issue of material fact exists regarding whether the Defendant's acts or omissions were the cause-in-fact of the Plaintiff's injuries.

### *B.     Foreseeability*

"To prove foreseeability, the plaintiff must establish that a person of ordinary intelligence should have anticipated the danger created by the negligent act or omission." *Reynolds*, 127 S.W.3d at 32-33, citing *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549-50 (Tex. 1985). "Foreseeability does not require a person to foresee the particular accident or injury that, in fact, occurs. *Id*. at 33 (citation omitted). "Foreseeability requires only that (1) the injury be of such a general character as might reasonably have been anticipated, and (2) the injured party be so similarly situated in relation to the wrongful act that the injury to [him] or to someone similarly situated might reasonably have been foreseen." *Id*. (citation omitted). "The question of foreseeability involves a practical inquiry based on 'common experience applied to human conduct.'" *Id*., quoting *City of Gladewater v. Pike*, 727 S.W.2d 514, 518 (Tex. 1987). "It asks whether the injury might reasonably have been anticipated as a result of the defendant's conduct." *Id*. (citation omitted).

The Defendant argues that the evidence shows that it could not have foreseen that one of its customers would carry a knife onto its premises and use the knife to gain access to merchandise instead of requesting assistance from an employee. Again, the court disagrees. Given that the cinder block display was self-serve, it is a reasonable deduction that a customer would use a pocket knife to cut banding on a cinder block display in order to retrieve the cinder blocks. *See Reynolds*, 127 S.W.3d at 33. Additionally, the Defendant's own employee invited the Plaintiff to help himself to the cinder blocks on display. The Plaintiff could only access the cinder blocks by cutting through the banding.

Once the Defendant invited the Plaintiff to help himself, the injury the Plaintiff received should have been reasonably anticipated. Accordingly, the court concludes that a genuine issue of material fact exists as to whether the Plaintiff's actions and ensuing injuries were foreseeable. Moreover, the court concludes that a genuine issue of material fact exists with respect to whether the Defendant's lack of care proximately caused the Plaintiff's injuries.

## **CONCLUSION**

Based on the foregoing, the court **DENIES** Defendant Home Depot U.S.A., Inc.'s motion for summary judgment (docket entry #5).

**SIGNED this the 24th day of March, 2006.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE