**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| WILLIAM CARDNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:05-CV-96 |
| HOME DEPOT U.S.A., INC. d/b/a | § | |
| THE HOME DEPOT and HOME | § | |
| DEPOT LEWISVILLE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE SUPPLEMENTAL DISCLOSURES AND EXPERT TESTIMONY

On April 4, 2006, the parties appeared before the court for a final pretrial conference. At the conference, the Defendant notified the court that the Plaintiff's Rule 26 disclosures were inadequate. The Plaintiff argued to the contrary. Accordingly, the court ordered the Plaintiff to file proof that he timely complied with the disclosure requirements of FED. R. CIV. P. 26. Additionally, the court ordered the Plaintiff to demonstrate that he had timely designated a medical expert witness for purposes of proving the Plaintiff's damages, including past medical bills. The Plaintiff subsequently filed "Plaintiff's Required Information to the Court" (docket entry #38) to which the Defendant filed its "Response to Plaintiff's Filings on April 10, 2006 and Motion to Strike Supplemental Disclosures and Expert Testimony" (docket entry #39).

In his statement of information, the Plaintiff asserts that while this case was pending in state court, the Defendant served a request for disclosure on the Plaintiff. The Plaintiff responded to the Defendant's disclosure requests on July 15, 2004. In response to the disclosure request seeking "the

-1-

amount and any method of calculating economic damages," the Plaintiff responded that he would "supplement total amount of medical bills and personnel expenses." To that end, the Plaintiff states that he subsequently supplemented his disclosures with his medical records and medical bills. Each medical record and bill is substantiated by a supporting affidavit. The Plaintiff claims that he provided the supplemented disclosures to the Defendant while the case was pending in state court. The Plaintiff does not contend that he made any additional disclosures after the case was removed to this court. This case was removed to this court on March 10, 2005.

The Plaintiff filed the following medical bills in this court on April 11, 2006:

1.    Pathology Bio-Med Labs – $30.50 (affidavit dated November 3, 2004);

2.    Texas Diagnostic Imaging – $1,816.50 (affidavit dated December 22, 2004);

3.    Metropolitan Anesthesia – $1,040.00 (affidavit dated November 4, 2004);

4.    Orthopaedic Associates of Dallas – $248.00 (affidavit dated September 28, 2004);

5.    Lankford Hand Surgery Associates – $10,264.75 (affidavit dated October 8, 2004);

6.    Texas Diagnostic Imaging – $1,098.00 (affidavit dated December 1, 2004);

7.    Medical Center of Lewisville – $20,691.31 (affidavit dated October 15, 2004); and

8.    Baylor University Medical Center – $8,394.15 (affidavit dated May 27, 2005).

The Plaintiff filed the following medical records in this court on April 11, 2006:

1.    Medical Center of Lewisville (affidavit dated July 12, 2005);

2.    Metropolitan Anesthesia (affidavit dated November 4, 2004);

3.    Texas Diagnostic Imaging (affidavit dated October 28, 2004);

4.    Orthopaedic Associates of Dallas (affidavit dated October 4, 2004);

5.    Lankford Hand Surgery Associates (affidavit dated October 8, 2004); and

-2-

6.      Baylor University Medical Center (affidavit dated November 22, 2004).

The Defendant argues, however, that aside from the Plaintiff's April 11, 2006 disclosures, the Defendant "had not received copies of any medical records or billing from Plaintiff, whether in formal supplementation of discovery requests or by correspondence sent from Plaintiff's counsel, since Plaintiff initiated his lawsuit against Home Depot." Def. Resp., p. 2. The Defendant acknowledges that prior to the Plaintiff filing his lawsuit, a claims adjusting company for the Defendant obtained from the Plaintiff via a medical authorization approximately 50 pages of medical records and billing information. The Defendant did not itemize for the court which medical records and bills were produced.

The parties' conflicting and incomplete versions of what information was disclosed does little to assist the court. However, it is clear to the court that if, as the Plaintiff asserts, all disclosures were made in the state court action, then the Plaintiff did not provide all of the medical bills and records to the Defendant. As noted previously, this action was removed from state court to this court on March 10, 2005. The affidavit in support of the Plaintiff's medical bills from Baylor University Medical Center in the amount of $8,394.15 was not dated until May 27, 2005. Likewise, the affidavit in support of the Plaintiff's medical records from the Medical Center of Lewisville was not dated until July 12, 2005. Accordingly, since these affidavits were not created until after this case was removed and since the Plaintiff did not disclose any further documents once the case was removed, it only follows, then, that such medical records and bills were never produced. However, since the Defendant failed to advise the court as to which documents it received prior to the Plaintiff filing his lawsuit, the court will not exclude such evidence at trial.

The court's analysis does not end at this juncture. During the final pretrial conference, the Plaintiff informed the court that he is only seeking to recover his past medical expenses in the amount

of $25,000.  The Plaintiff went on to state that he is seeking no other damages.  Tr. of Final Pretrial

Conference, 19:9-13.  However, six days later, on April 10, 2006, the Plaintiff filed his supplemental

pretrial disclosures (docket entry #37), seeking the following damages:

1.      $43,583.21 for past medical treatment;

2.      Pain and suffering in an amount to be determined by the trier of fact;

3.      Mental anguish in an amount to be determined by the trier of fact; and

4.      Impairment in an amount to be determined by the trier of fact.

With respect to the Plaintiff's past medical treatment, the court notes that the sum of the medical

bills provided equals $43,583.21.  However, not all of the medical bills are relevant to the instant action.

Of the $20,691.31 in medical bills from the Medical Center of Lewisville, only $327.50 are applicable

to this case.  The remaining medical bills from the Medical Center of Lewisville involve treatment for

the Plaintiff's back pain as well as a stone in the Plaintiff's left ureter.  Accordingly, the Plaintiff is only

permitted to offer medical bills from the Medical City of Lewisville in the amount of $327.50.  The

Plaintiff's total damages for his past medical treatment equals the sum of $23,219.40.

With respect to the Plaintiff's remaining damages, the court notes that the Plaintiff pled for such

damages in his original petition in state court.  However, the Plaintiff failed to provide any discovery

to the Defendant on the same.  The Defendant propounded interrogatories to the Plaintiff, inquiring

about the damages sought.  Specifically, the Defendant requested the following:

19.      Please itemize (by type of damages and amount) all damages that you were
         seeking to recover by this lawsuit.

*Answer:        Plaintiff will supplement.*

Apparently, the Plaintiff never supplemented.  The Defendant is entitled to discover the amount and

type of damages sought.  Although the court has concluded that the Defendant was on notice of the Plaintiff's past medical expenses, the Defendant has never been advised of the Plaintiff's remaining damages.  Accordingly, the Plaintiff will not be allowed to seek mental anguish, pain and suffering or impairment damages at trial.  Hence, the Plaintiff may only seek damages for past medical treatment in the amount of $23,219.40 which is consistent with the Plaintiff's prior statements to the court.

At the final pretrial conference, the Defendant argued that because the Plaintiff failed to designate any expert witnesses, the Plaintiff should not be able to present evidence to the jury that his medical expenses were reasonable and necessary.  The court notes that the Plaintiff did not designate any expert witnesses.  However, the Plaintiff did designate Drs. Phillip E. Hansen and David Zehr, the Plaintiff's treating physicians, as persons having knowledge of relevant facts.  In his statement to the court, the Plaintiff argues that he "disclosed all of the providers including their opinions, identifying information, treatment and other information in the records and affidavits..." The Plaintiff is referring to the medical records, bills and affidavits submitted to the court.  The Plaintiff, however, did not offer any reason for his failure to properly designate expert witnesses.

Nevertheless, in this diversity action, the court "refer[s] to state law for 'the kind of evidence that must be produced to support a verdict.'"  *Hamburger v. State Farm Mutual Automobile Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004) (citations omitted).  Under Texas law, a plaintiff may prove that his medical expenses were reasonable and necessary via expert testimony or an affidavit which complies with § 18.001 of the Texas Civil Practice and Remedies Code.  *Warren v. Zamarron*, 2005 WL 1038822, *4 (Tex. App. – Austin 2005, no pet.).  Here, the Plaintiff has established by way of affidavits which comply with § 18.001 of the Texas Civil Practice and Remedies Code that his medical expenses were reasonable and necessary.  Accordingly, the Plaintiff may present such evidence of his past

-5-

medical expenses to the jury.  Since the Plaintiff just recently filed the affidavits with the court, the Defendant may file any controverting affidavits with the court no later than May 10, 2006.

As noted previously, if the Plaintiff successfully litigates this case, he will be limited in his recovery to past medical expenses in the amount of $23,219.40.  In an effort to conserve limited judicial resources, the court hereby suggests that the parties contact the mediator, former United States Magistrate Judge Robert W. Faulkner, to determine whether it is feasible to conduct a second mediation session before May 10, 2006.  Counsel for the Plaintiff shall be responsible for communicating with the mediator and opposing counsel to coordinate a date for the second mediation session.  Counsel for the Plaintiff must report the status of any second mediation session to the court by 10:00 a.m. on May 11, 2006.  The Defendant's Motion to Strike Supplemental Disclosures and Expert Testimony (docket entry #39) is **GRANTED IN PART**.

IT IS SO ORDERED.

**SIGNED this the 2nd day of May, 2006.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE